UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD HARRISON,

                        Petitioner,                       **MEMORANDUM & ORDER**

    -against-                                                **13-CV-4641 (NGG)**

T. GRIFFIN,

                        Respondent.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner, Edward Harrison, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is in state custody in violation of his federal constitutional rights. (Pet. (Dkt. 1).) Petitioner challenges his October 2, 1990, conviction in New York State Supreme Court, Queens County, pursuant to his plea of guilty to a charge of Robbery in the First Degree in violation of N.Y. Penal Law § 160.15(4). On December 3, 2013, Respondent filed a motion to dismiss the Petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Not. of Mot. (Dkt. 7).) For the reasons set forth below, Respondent's motion is GRANTED and the Petition is accordingly DISMISSED.

I.     **BACKGROUND**

    A.     **The 1990 & 1995 Convictions**

On October 2, 1990, Petitioner was convicted pursuant to a guilty plea of one count of Robbery in the First Degree (N.Y. Penal Law § 160.15(4)), a Class B felony, by the New York Supreme Court, Queens County. (Pet. ¶¶ 1-6.) In accordance with Petitioner's plea agreement, he was sentenced by Justice Arthur J. Cooperman to an indeterminate term of five to ten years imprisonment. (Id.; Petition at 22-25 (Sentencing Tr., Oct. 2, 2010); Resp't Mem. of Law in

1

Supp. ("Resp't Mot.") (Dkt. 9) at 2.) Petitioner did not pursue a direct appeal of his conviction, which now forms the basis of his ineffective assistance of counsel claim. (Pet. ¶¶ 8, 11-13, 18; see also Resp't Mot. at 2; Pet'r Resp. to Mot. to Dismiss ("Pet'r Opp'n") (Dkt. 11) at 2-4.)

According to a Certificate of Incarceration prepared by a representative of the New York State Department of Corrections and Community Supervision ("DOCCS") and appended to Respondent's motion, Petitioner assaulted a member of the staff at the Franklin Correctional Facility in 1995 while serving his sentence on the 1990 conviction. (Ex. B[1] (Certificate of Incarceration) at 1; see also Resp't Mot. at 3.) As a result, on June 26, 1995, Petitioner was convicted in Franklin County Court of Assault in the Second Degree. (Id.; Ex. B.) Harrison was sentenced to an indeterminate term of three and one-half to seven years imprisonment on the assault charge, which was to run consecutively with his original sentence on the 1990 conviction. (Id.; Resp't Mot. at 3.)

Petitioner was conditionally released from prison on February 17, 2004, but violated his parole and was returned to DOCCS custody on June 19, 2007. (See Ex. B.) On January 28, 2008, Harrison was again released from prison on parole and on August 24, 2009, he was finally discharged from parole supervision. (See id.; Resp't Mot. at 3.)[2]

### B. The 2011 Conviction

On January 21, 2011, Petitioner was convicted pursuant to a guilty plea of charges of Attempted Robbery in the Second Degree (N.Y. Penal Law §§ 110.00, 160.10) and Attempted Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law §§ 110.00, 265.03(3))

---

[1] Citations in the form "Ex. __" refer to exhibits appended to the Declaration of Paul B. Lyons, dated December 3, 2013. (Dkt. 8)

[2] The DOCCS "Inmate Information" report appended to Respondent's motion similarly shows that Petitioner was released to parole supervision on January 28, 2008, in connection with his 1990 robbery and 1995 assault convictions, and that the "Maximum Expiration Date" of his sentence was August 24, 2009. (Ex. C (DOCCS Inmate Information report relating to 1990 and 1995 convictions).)

by the New York Supreme Court, Richmond County. (Pet. at 64 (Uniform Sentence & Commitment, Jan. 21, 2011)[3] at 1; Resp't Mot. 3-4.) Harrison was thereafter sentenced as a persistent violent felony offender to two concurrent and indeterminate terms of twelve years to life imprisonment. (Pet. at 64) He took an appeal from his 2011 conviction, which was affirmed by the Appellate Division for the Second Department on December 12, 2012. See New York v. Harrison, 101 A.D.3d 900 (2d Dep't 2012). The New York Court of Appeals denied Harrison's petition for leave to appeal on March 27, 2013. See New York v. Harrison, 20 N.Y.3d 1099 (2013).

Petitioner is currently serving his 2011 sentence in DOCCS custody at the Eastern Correctional Facility. (Ex. E (DOCCS Inmate Information report relating to 2011 conviction); Pet'r Opp'n at 1.)

### C. The 2012 Petition for Writ of Error Coram Nobis

Though he did not file a direct appeal from his 1990 conviction, Petitioner did file a petition for writ of error coram nobis in the Appellate Division, Second Department, on March 6, 2012.[4] (Pet. ¶ 11; Ex. F (Not. of Mot. for Writ of Error Coram Nobis, New York v. Harrison, No. 2012/3795 (N.Y. App. Div. 2d Dep't)).) The error coram nobis petition, which expressly challenged the 1990 conviction, asserted that Petitioner had been denied his right to effective assistance of counsel because his attorney did not file a timely notice of appeal despite Harrison's request to that effect. (See id.; Petition ¶ 11.) On August 15, 2012, the Second Department denied the petition, noting that Harrison "ha[d] not established his entitlement to the relief requested." New York v. Harrison, 98 A.D.3d 630 (2d Dep't 2012). On September 25,

---

[3] Petitioner's 2011 Uniform Sentence & Commitment form is also appended to Respondent's motion as Exhibit D.

[4] The Petition erroneously states that Harrison's petition for writ of error coram nobis was filed in December 2012. (See Petition ¶ 11.)

2012, Petitioner filed a motion to renew and reargue the Second Department's denial of his petition (Pet. at 26 (Order to Show Cause)), which likewise was denied on February 15, 2013 (see id. ¶ 12; Resp't Mot., Ex. M.) Petitioner filed an application for leave to appeal the Second Department's decision to the New York Court of Appeals, which was denied on April 16, 2013. See New York v. Harrison, 21 N.Y.3d 912 (2013).

### D. The Instant Petition

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court on August 15, 2013. The pro se Petition purports to challenge Harrison's 1990 conviction, asserting the following three grounds for why Harrison's continued detention by New York State violates his federal constitutional rights: (1) his trial counsel for the 1990 conviction erred by not filing a timely notice of appeal; (2) the same counsel did not advise him of his right to direct appeal; and (3) his invalid 1990 conviction has been used for "time enhancement," presumably with regard to his 2011 sentence as a persistent violent felony offender. (Pet. ¶ 12; see also id. at 66-73 (Mem. of Law); Pet'r Opp'n at 2-4.)

## II. DISCUSSION

Respondent moves to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the court lacks jurisdiction to her Harrison's petition because he was not "in custody" for the conviction under attack when the Petition was filed. (Resp't Mot. at 6-9.)

As a threshold matter, a district court may exercise jurisdiction over a petition for habeas relief only if the petitioner is "in custody pursuant to the judgment of a State court" when the petition is filed. 28 U.S.C. § 2254(a); see Maleng v. Cook, 490 U.S. 488, 490 (1989); Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008) (noting that the "in custody"

4

requirement is jurisdictional). The Supreme Court has interpreted this statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). If a petition is filed after a sentence has been fully served and thus expired, the petitioner is no longer "in custody" pursuant to that conviction and he may not directly challenge it by way of a petition for writ of habeas corpus in federal court. See Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001); Maleng, 490 U.S. at 491 (noting the Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed" (emphasis in original)).

Here, the sentence imposed by the state court pursuant to Petitioner's 1990 conviction—as well as the consecutive sentence added for the 1995 assault conviction—expired nearly four years before Harrison filed the instant § 2254 petition. (See Ex. C (DOCCS Inmate Information Report for 1990 and 1995 Convictions).)[5] See also Garlotte v. Fordice, 515 U.S. 39, 48 (1995) (holding that "a prisoner serving time under consecutive sentences is 'in custody' under any one of them" for the purposes of the federal habeas statute). Petitioner accordingly was not "in custody" pursuant to the 1990 judgment at the time he filed the Petition and "therefore cannot bring a federal habeas petition directed solely at the [1990 conviction]." Lackawanna, 532 U.S. at 401; Tafari v. Unger, No. 05-CV-5843 (FB), 2006 WL 3490343, at *1 (E.D.N.Y. Dec. 5, 2006).

---

[5] In considering a Rule 12(b)(1) motion challenging the court's jurisdiction, the court may rely on evidence outside the pleadings, such as affidavits and documentary evidence. Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002); LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."); Finkelstein v. Spitzer, No. 05-CV-2461 (JS), 2005 WL 2002446, at *1-3 & n.1 (E.D.N.Y. Aug. 18, 2005) (dismissing habeas petition pursuant to Rule 12(b)(1) based on extraneous affirmations and documentary evidence showing petitioner was not "in custody"), aff'd 455 F.3d 131 (2d Cir. 2006).

Harrison is, however, currently serving an unexpired sentence on his 2011 conviction. As held by the Second Circuit, the custody requirement for federal habeas jurisdiction is considered satisfied "when a *pro se* petition, liberally construed, can be read as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction." Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (internal quotation marks, brackets, and citation omitted); Matos v. Superintendent, Washington Corr. Facility, No. 13-CV-2326 (ENV), 2013 WL 6667364 (E.D.N.Y. Dec. 17, 2013); Valdez v. Hulihan, 640 F. Supp. 2d 514, 516 (S.D.N.Y. 2009). Such a construction is reasonable here; Petitioner expressly challenges the state court's use of his 1990 conviction for "time enhancement," presumably in connection with the sentence imposed on his 2011 conviction. (Pet. at 9, 15; see also id. at 64 (providing that Harrison was sentenced as a "Persistent Violent FELONY OFFENDER").) The court accordingly construes the Petition as incorporating a challenge to the unexpired 2011 sentence, as enhanced by the allegedly invalid 1990 and 1995 convictions.[6] See, e.g., Holmes v. Cunningham, No. 13-CV-550 (CBA), 2013 WL 839794, at *1 (E.D.N.Y. Mar. 6, 2013); Jackson v. Moscicki, No. 99-CV-2427 (JGK), 2000 WL 511642, at *6 (S.D.N.Y. Apr. 27, 2000).

Nonetheless, the court may consider an indirect challenge to an expired conviction that has been used as a sentence enhancement only in very limited circumstances. As detailed by the Supreme Court in Lackawanna County Dist. Attorney v. Coss:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced

---

[6] When construed as a challenge to the 2011 sentence pursuant to which Petitioner is currently "in custody," as enhanced by the purportedly invalid prior conviction, the Petition was timely filed. See 28 U.S.C. 2244(d).

> sentence through a petition under § 2254 on the ground that the
> prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (internal citation omitted). Where, as here, the prior conviction is no longer subject to direct or collateral attack,[7] an indirect challenge to the enhanced sentence under § 2254 is permissible only where the prior conviction is allegedly invalid for one of the following three reasons: "(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence." Valdez, 640 F. Supp. 2d at 516 (S.D.N.Y. 2009); see also Lackawanna, 532 U.S. at 403-04 (failure to appoint counsel in violation of Sixth Amendment); id. at 405-06 (plurality supporting additional two exceptions); Matos, 2013 WL 6667364, at *2; Vasquez v. Ercole, 543 F. Supp. 2d 238, 242 n.6 (S.D.N.Y. 2008).

While Harrison's 1990 conviction appears to have been used as a sentencing enhancement on the 2011 conviction, Petitioner does not—and indeed cannot—challenge the expired conviction based on a failure to appoint counsel in violation of his Sixth Amendment rights, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). Rather, he asserts that his attorney's assistance was ineffective, faulting counsel for failing to advise of him of his right to appeal and for not filing a notice of appeal despite a timely direction to do so. (Pet. at 5-9, 11, 13; see also Pet'r Opp'n at 2-3.) But allegations of ineffective assistance of counsel are insufficient to permit application of this exception to the bar on collaterally attacking an expired conviction used as a sentence enhancement. See Lackawanna, 532 U.S. at 400 (reversing decision below where the Court of Appeals had ordered that the petitioner be resentenced on the

---

[7] Petitioner's time to take a direct appeal from the 1990 conviction has long since lapsed and his effort to collaterally attack the 1990 conviction by seeking a writ of error coram nobis was unsuccessful. (See supra Part I.C.) See also People v. Syville, 15 N.Y.3d 391 (N.Y. 2010) (noting that a petition for writ of error coram nobis was the appropriate avenue for relief where notice of appeal was not filed due to ineffective assistance of counsel and the one-year period in C.P.L. 460.30 had lapsed).

basis of an ineffective assistance of counsel claim); Ocasio v. Smith, No. 07-CV-2754 (BSJ), 2008 WL 110938, at *17 & n.35 (S.D.N.Y. Jan. 8, 2008) (noting the Lackawanna "exception for a Gideon-like challenge for failure to appoint counsel does not extend to a claim of ineffective assistance of counsel"); Bellamy v. Fischer, No. 05-CV-2840 (DC), 2006 WL 2051038, at *6 (S.D.N.Y. July 24, 2006) ("The Supreme Court has drawn a sharp distinction between collateral attacks to previous convictions used to enhance a sentence based on failure to appoint counsel and all other possible trial defects, including ineffective assistance of counsel."); see also Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005) (holding petitioner is not entitled to a Lackawanna exception "on the ground that their counsel provided inadequate representation"). The other two exceptions outlined by the plurality in Lackawanna are plainly inapplicable here.

## III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED and the Petition is DISMISSED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 5, 2014

NICHOLAS G. GARAUFIS
United States District Judge